UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| ROBERT MULZAC | CASE NO: _____ |
| Plaintiff(s), | |
| -*against*- | **COMPLAINT** |
| CITY OF NEW YORK,<br>P.O. EMILY HARRIS,<br>DARLENE MEALY | PLAINTIFF(S) DEMAND TRIAL<br>BY JURY |
| Defendants | |

_____X

Plaintiff ROBERT MULZAC, by his attorney, ALEXIS G. PADILLA, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff, ROBERT MULZAC, is a citizen of the United States, and at all relevant times a resident of the State of New York.

7.      Defendant, DARLENE MEALY, is a citizen of the United States, and at all relevant times a resident of the State of New York.

8.      Defendant, CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, CITY OF NEW YORK, maintains the New York Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     At all times hereinafter mentioned the individually named defendant P.O. EMILY HARRIS was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.  P.O. EMILY HARRIS is sued individually and in her official capacity.

11.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

### FACTUAL ALLEGATIONS

13. Plaintiff Robert Mulzac is the owner of 203 Ralph Avenue, a multi-unit apartment building with a commercial space on the ground floor.

14. Defendant Darlene Mealy is a New York City Council member representing the 41st District in Brooklyn.

15. The commercial space at 203 Ralph Avenue was, for a time, Darlene Mealy's campaign office.

16. No lease or contract ever existed between Robert Mulzac and Darlene Mealy. She took over the space in the Spring of 2013 when the local Democratic Club, who had resided in the space for decades, could no longer afford to pay the rent.

17. In January of 2014, Darlene Mealy stopped making rent payments to plaintiff.

18. On or about August 20th of 2014, plaintiff had an appointment to meet with defendant Mealy at the space to discuss the non-payment of rent and plaintiff's desire for defendant to vacate the property.

19. When plaintiff arrived for the meeting he used his own key to enter the space. Plaintiff was never told that he could not enter the space nor did plaintiff have any reason to believe that he could not enter the space.

20. At that meeting, the two parties failed to reach an agreement and made arrangements to meet again a week later, when plaintiff returned from a planned vacation.

21. On August 27th plaintiff returned to the building to conduct repairs and noticed that defendant Mealy had removed and replaced the locks to the ground floor space.

22. Plaintiff removed the locks and replaced them with new locks.

23. Plaintiff then put up signs on the side of the building informing the public that defendant Mealy had not paid her rent since January.

24. In response to plaintiff's actions, defendant Mealy called the commanding officer of the 81st Precinct directly and demanded that plaintiff be arrested, alleging trespass and illegal eviction.

25. In response to defendant Mealy's complaint, plaintiff was arrested in front of 203 Ralph Avenue by P.O. Emily Harris (Shield No. 20669) on August 29th, 2014, at approximately 7:00 P.M. and charged with trespassing on August 20th 2014 and criminal tampering on August 28th 2014.

26. Plaintiff was taken to the 81st Precinct House in Brooklyn and then eventually transported to central booking, where he spent the night.

27. Plaintiff was released on his own recognizance the next day and the charges against him were dismissed on November 17, 2014.

28. In total, plaintiff was jailed for approximately 24 hours.

29. At no time in this sequence of events did plaintiff commit a crime or any other offense for which he could be arrested.

30. On August 20th and 28th, the dates on which defendant Mealy claims that plaintiff trespassed and illegally tampered with her property, defendant Mealy had no property right to the ground floor space at 203 Ralph Avenue. In the absence of a lease, defendant Mealy was merely a "licensee" with permission to use the space but no leasehold.

31. Furthermore, New York does not have a criminal statute that bars landlords from locking out delinquent commercial tenants. New York's laws barring landlords from taking such measures apply only to "dwellings" not commercial spaces. See: New York Code Chapter 5 Sec. 26-251 – Sec. 26-253.

32. Before arresting plaintiff and charging him with trespass and criminal tampering, P.O. Emily Harris failed to conduct the kind of basic investigation that would have revealed these facts and exonerated plaintiff

4

of any wrongdoing.

33. Rather, P.O. Harris arrested plaintiff on the demand of defendant Mealy who used her position as a City Council member to unjustly influence the decision to arrest plaintiff.

34. On August 29th, 2014, at approximately 7:00 P.M. plaintiff was wrongfully arrested without a warrant, probable cause, or consent.

35. Plaintiff is a retired FDNY lieutenant who had never been arrested before this incident.

36. At all times during the events described above, defendant Darlene Mealy and defendant P.O. Emily Harris were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

37. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

38. During the events described above, defendants acted under color of State law, and deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property and to be free from false arrest, malicious prosecution and abuse of process.

39. By these actions defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

40. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages.

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Denial of equal protection under the law.

## FIRST CAUSE OF ACTION

**Violation of rights secured by 42 U.S.C. § 1983 against defendants P.O. Emily Harris**

41. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

42. By detaining and imprisoning plaintiff, without a warrant and without probable cause defendant P.O. Emily Harris deprived plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

43. Defendant P.O. Emily Harris acted under pretense and color of state law and in her individual and official capacity and within the scope of her employment as an NYPD officer.

44. Defendant P.O. Emily Harris acted willfully, knowingly, and with specific intent but without authority of law and in abuse of her powers to deprive plaintiff of his constitutional rights as secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Denial of equal protection under the law.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

## SECOND CAUSE OF ACTION

### Malicious Prosecution against defendant Darlene Mealy

47. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

48. Defendant Darlene Mealy misused the legal process by initiating a criminal complaint against plaintiff and falsely stating that she had a property right in the ground floor space at 203 Ralph Avenue.

49. Defendant Darlene Mealy acted maliciously and with specific intent to punish plaintiff in retaliation for plaintiff publicizing their ongoing dispute over unpaid rent.

50. As a direct and proximate result of defendant Darlene Mealy's abuse of legal process, plaintiff was incarcerated for a period of 24 hours and subjected to malicious criminal prosecution.

51. As a direct and proximate result of defendant Darlene Mealy's abuse of legal process plaintiff sustained the damages herein before stated.

## THIRD CAUSE OF ACTION

### False Arrest against defendant P.O. Emily Harris

52. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

53. Defendant P.O. Emily Harris subjected plaintiff to false arrest and malicious criminal prosecution by arresting him on August 29th 2014 without a warrant, probable cause or consent.

54. Defendant Darlene Mealy contributed to plaintiff's false arrest and malicious prosecution by falsely claiming to have a property right in the ground floor space at 203 Ralph Avenue and by misusing her position of influence as an elected official.

55. Defendants conspired and colluded and at all relevant times were engaged in a conspiracy to affect the false arrest and malicious prosecution of plaintiff.

56. All charges against plaintiff were dismissed without any finding of probable cause.

57. Defendants acted with actual malice in conspiring to falsely arrest plaintiff as retaliation for plaintiff publicizing his ongoing rent dispute with Defendant Mealy.

58. As a direct and proximate result of defendants' actions, plaintiff was incarcerated for a period of 24 hours and subjected to malicious criminal prosecution.

59. As a direct and proximate result of defendants' actions plaintiff sustained the damages herein before stated.

## FOURTH CAUSE OF ACTION

**Violation of rights secured by 42 U.S.C. § 1983 Against the City of New York**

6. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

7. During the events described above, defendant City of New York, through its agent P.O. Emily Harris, acted under color of State law, and deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property and to be free from false arrest, malicious prosecution and abuse of process.

8. By failing to adequately train and supervise defendant P.O. Emily Harris,

8

defendant City of New York deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

9. In addition, prior to August 29th 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of plaintiff's rights.

10. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officer, thereby failing to sufficiently discourage and prevent constitutional violations on the part of its police officers.

11. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

12. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

13. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages.

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Denial of equal protection under the law.

WHEREFORE, the plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award costs of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff;

d. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated: February 22, 2015

Brooklyn, New York

                                          Respectfully Submitted

                                          By:    Alexis G. Padilla, Esq.
                                                        575 Decatur Street #3
                                                         Brooklyn, NY 11233
                                                        (917) 238-2993