UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

| | |
|---|---|
| ROBERT MULZAC<br>　　　　Plaintiff, | CASE NO: 1:15-cv-00930-SLT-JO |
| -against- | **FIRST AMENDED COMPLAINT** |
| P.O. EMILY HARRIS,<br>DARLENE MEALY | PLAINTIFF DEMANDS TRIAL<br>BY JURY |
| 　　　　Defendants | |

————————————————————X

　　　　Plaintiff ROBERT MULZAC, by his attorney, Alexis G. Padilla, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

　　　　1.　　Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff is also asserting supplemental state law tort claims.

### JURISDICTION

　　　　2.　　This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Court's pendant jurisdiction to hear state law tort claims.

　　　　3.　　Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ROBERT MULZAC, is a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Defendant, DARLENE MEALY, is a citizen of the United States, and at all relevant times a resident of the State of New York.

8. Defendant, P.O. EMILY HARRIS, is a citizen of the United States, and at all relevant times a duly sworn police officer of the New York Police Department and was acting under the supervision of said department and according to her official duties. P.O. EMILY HARRIS is sued individually and in her official capacity.

## FACTUAL ALLEGATIONS

9. Plaintiff Robert Mulzac is the owner of 203 Ralph Avenue, a multi-unit apartment building with a commercial space on the ground floor.

10. Defendant Darlene Mealy is a New York City Council member representing the 41st District in Brooklyn.

11. The commercial space at 203 Ralph Avenue was, for a time, Darlene Mealy's campaign office.

12. No lease or contract for the use and occupancy of the space at 203 Ralph Avenue ever existed between Robert Mulzac and Darlene Mealy.

13. In January of 2014, Defendant Mealy stopped making payments to Plaintiff.

14. On or about August 20th of 2014, Plaintiff had an appointment to meet with Defendant Mealy at the space to discuss the non-payment of rent and Plaintiff's desire for Defendant to vacate the property.

15. When Plaintiff arrived for the meeting he used his own key to enter the space. Plaintiff was never told that he could not enter the space nor did Plaintiff have any reason to believe that he could not enter the space.

16. At that meeting, the two parties failed to reach an agreement and made arrangements to meet again a week later, when Plaintiff returned from a planned vacation.

17. On August 27th Plaintiff returned to the building to conduct repairs and discovered that Defendant Mealy had removed and replaced the locks to the ground floor space.

18. Plaintiff immediately removed those locks and replaced them with new locks.

19. In response to Plaintiff's actions, Defendant Mealy called the 81st Precinct and demanded that Plaintiff be arrested, alleging trespass and illegal eviction.

20. Shortly after, Plaintiff put up signs on the side of the building informing the public that Defendant Mealy had not been paying rent.

21. In response to Defendant Mealy's complaint, Plaintiff was arrested in front of 203 Ralph Avenue by P.O. Emily Harris (Shield No. 20669) on August 29th, 2014, at approximately 7:00 P.M.

22. Plaintiff was taken to the 81st Precinct House in Brooklyn and eventually transported to central booking, where he spent the night.

23. On August 30, 2014, plaintiff was charged by the Brooklyn District Attorney's office with criminal trespassing on August 20th 2014 and criminal tampering on August 28th 2014.

24. After arraignment on these charges, Plaintiff was released on his own recognizance. He returned to court three times, in September of 2014, October of 2014 and in November of 2014, before the charges were finally dismissed.

25. In total, Plaintiff was jailed for approximately 24 hours and was forced to return to court on three separate occasions.

26. At no time in this sequence of events did Plaintiff commit a crime or any other offense for which he could be arrested.

27. On August 20th and 28th, the dates on which Defendant Mealy claims that Plaintiff trespassed and illegally tampered with her property, Defendant Mealy had no right to exclude Plaintiff from the ground floor space at 203 Ralph Avenue and in the total absence of either a lease or current month to month rent payments, no right to claim the property as her own. Nor did Defendant Mealy have a right to change the locks on the premises.

28. Furthermore, New York does not have a criminal statute that bars landlords from locking out delinquent commercial tenants. New York's criminal statutes barring landlords from taking such measures apply only to "dwellings" not commercial spaces. See: New York Code Chapter 5 Sec. 26-251 – Sec. 26-253.

29. When Plaintiff entered the space on August 20th, 2014 he did not intend to commit a crime. He entered the space with the intention of having a conversation with Defendant Mealy regarding her non-payment of rent and for no other reason. At no time was he told that he could not enter the space.

30. When Plaintiff removed the locks that Defendant Mealy placed on the space and replaced them with his own locks he reasonably believed that he was within his rights as the owner of the building to be in control of the locks on the doors.

31. Before arresting Plaintiff, P.O. Emily Harris failed to conduct the kind of basic inquiry that would have revealed these facts and exonerated Plaintiff of any criminal wrongdoing.

32. As a result, Plaintiff was wrongfully arrested on August 29th, 2014, at approximately 7:00 P.M. without a warrant, probable cause, or consent.

33. Plaintiff is a retired FDNY lieutenant who had never been arrested before this incident.

4

34. During the events described above, Defendant P.O. Harris acted under color of State law, and deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property and to be free from false arrest.

## FIRST CAUSE OF ACTION

**False Arrest in violation of rights secured by 42 U.S.C. § 1983 against Defendant P.O. Emily Harris**

35. Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

36. When P.O. Emily Harris arrived at 203 Ralph Avenue on August 29th, 2014, (at approximately 7:00 P.M.) she discovered a landlord and a tenant locked into a civil dispute over a commercial space. She was aware that the Plaintiff, Robert Mulzac, was the owner of the building and she should have been aware from the signs that were prominently displayed that Defendant Darlene Mealy had not been paying rent.

37. Defendant P.O. Harris made no attempt to verify that Defendant Darlene Mealy did in fact have a legal right to exclude Plaintiff from the space, as she claimed. This inquiry would have revealed that Defendant Mealy was not and never was in possession of a lease at 203 Ralph Avenue and that she had not been paying rent.

38. Defendant P.O. Harris failed to verify whether Plaintiff had reasonable grounds to believe that it was within his rights to change the locks. This inquiry would have revealed that it was Defendant Mealy who initially changed the locks without the right to do so and that it was this initial action that prompted Plaintiff to remove the locks and replace them with his own.

39. Defendant P.O. Harris had no proof that Plaintiff had any intent to commit a

5

crime when he entered the space on August 20, 2014. In New York, criminal trespass for which a person can be arrested is distinguished from civil trespass by the element of criminal intent. On August 20th 2014 Plaintiff had no such intent. This much was easily ascertainable at the time of Plaintiff's arrest nine days later.

40. Having made no attempt to verify or ascertain these crucial facts, Defendant P.O. Harris did not act with the necessary caution that is required of a police officer before making an arrest in response to a civilian complaint, particularly where it was clear that the dispute was civil in nature.

41. Defendant P.O. Harris arrested Plaintiff without sufficient information to reasonably believe that he had committed a crime and therefore lacked probable cause to do so.

42. By arresting Plaintiff without probable cause, Defendant P.O. Harris acted maliciously and with the intent to confine Plaintiff without his consent.

43. As a direct and proximate result of Defendant P.O. Harris' actions, Plaintiff was falsely imprisoned for a period of 24 hours.

44. By detaining and imprisoning Plaintiff, without a warrant and without probable cause Defendant P.O. Emily Harris deprived Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

45. Defendant P.O. Emily Harris acted under pretense and color of state law and in her individual and official capacity and within the scope of her employment as an NYPD officer.

46. Defendant P.O. Emily Harris acted willfully, knowingly, and with specific intent but without authority of law and in abuse of her powers to deprive Plaintiff of his constitutional

rights as secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

47.   As a direct and proximate result of the acts of Defendant P.O. Emily Harris, Plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Deprivation of liberty without due process of law;

    C. Denial of equal protection under the law.

## SECOND CAUSE OF ACTION

### Common Law Malicious Prosecution Claim against Defendant Darlene Mealy

48.   Plaintiff hereby restates all of the above stated paragraphs of this complaint, as though fully set forth below.

49.   Defendant Darlene Mealy initiated a baseless criminal prosecution against Plaintiff by making false statements to the police and the District Attorney's office asserting that she had a property right in the ground floor space at 203 Ralph Avenue when in fact she was a delinquent tenant with no right to exclude Plaintiff.

50.   The charges alleged by Defendant Mealy against Plaintiff were eventually dismissed in Plaintiff's favor, but not before Plaintiff was forced to return to court on three separate occasions to defend against Defendant Mealy's baseless claims.

51.   Defendant Darlene Mealy acted maliciously and with specific intent to harm Plaintiff as part of their ongoing dispute over unpaid rent.

52.   As a direct and proximate result of Defendant Darlene Mealy's malicious acts, Plaintiff was arrested, imprisoned for 24 hours and forced to bear the burden of a criminal

prosecution.

53. As a direct and proximate result of this malicious prosecution, Plaintiff sustained the damages herein before stated.

54. As a direct and proximate cause of the combined acts of the Defendants, Plaintiff suffered the following injuries and damages.

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Denial of equal protection under the law.

WHEREFORE, the Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally;

b. Award costs of this action to the Plaintiff;

c. Award reasonable attorney's fees and costs to the Plaintiff;

d. Award such other and further relief as this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

Dated: August 28, 2015

Brooklyn, New York

                      Respectfully Submitted

By:        Alexis G. Padilla, Esq. [AP7400]
           575 Decatur Street #3
           Brooklyn, NY 11233
           (917) 238-2993
           *Attorney for Plaintiff*